UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MEYERS,

    Plaintiff,

v.    Case No. 10-11419

CITY OF WARREN OFFICER    HONORABLE AVERN COHN
NEIDERMEIER, et al,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S OBJECTIONS (Doc. 41)**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. The matter has been referred to a magistrate judge for all pretrial proceedings. The parties have filed several motions before the magistrate judge, including (1) defendants' motion to extend discovery and dispositive motion deadlines (Doc. 33), and (2) defendants' motion to extend time to file a response to plaintiff's motion for summary judgment (Doc. 37). On January 7, 2011, the magistrate judge issued an order granting in part defendants' motion to extend discovery and granting defendants' motion to extension of time to file a response to plaintiff's motion for summary judgment.[1]  Doc. 39.

Before the Court are plaintiff's objections to the magistrate judge's order. For the reasons that follow, the objections are DENIED.

---

[1] The magistrate also granted in part plaintiff's motion to compel (Doc. 26), entered a protective order, granted plaintiff's motion to withdraw partial relief (Doc. 32), and granted plaintiff's motion to waive oral arguments (Doc. 33). To date, neither party has objected to this portion of the order.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Having reviewed the magistrate judge's order in light of plaintiff's objections, the Court finds no error in the magistrate judge's decision to grant defendants additional time for discovery and additional time to file a response to plaintiff's summary judgment

motion.[2]  It is noted, however, that the magistrate judge stated that defendants' motion for additional time was unopposed.  This is incorrect; plaintiff did file a timely response to defendants' motion on January 7, 2011, Doc. 40, the same day the magistrate judge issued the order.  The Court has reviewed plaintiff's response to the motion.  Nothing in the response convinces the Court that the magistrate judge erred.  Plaintiff's arguments as to the admissibility of an affidavit from one of the defendants are best addressed in reply to his motion for summary judgment.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2011

I hereby certify that a copy of the foregoing document was mailed Arthur Meyers, #182660, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201 and to the attorneys of record on this date, January 25, 2011, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160

---

[2]Plaintiff's objections also appear moot in light of defendants' filing a response to plaintiff's summary judgment motion on January 4, 2011 (Doc. 38), three days before the magistrate judge issued the order granting defendants' additional time to file a response.