UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR L. MEYERS,

    Plaintiff,        No. 10-11419

v.              District Judge Avern Cohn
               Magistrate Judge R. Steven Whalen

M. NEIDERMEIER, ET AL.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On April 9, 2010, Plaintiff Arthur L. Meyers filed a *pro se* civil rights complaint alleging constitutional violations by three City of Warren Police Officers as well as the City of Warren Police Commissioner. On March 11, 2011, the case was reassigned from the docket of Magistrate Judge Virginia Morgan to me. Before the Court now is Plaintiff's Motion for Summary Judgment [Doc. #35], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Plaintiff's motion be DENIED.

## I. FACTS

This case arises out of an April 30, 2008 street encounter between the Plaintiff and Warren Police Officers Timothy Kulhanek and Marlene Neidermeier, which resulted in Plaintiff's arrest and prosecution for possession of cocaine. That charge was eventually dismissed following the Macomb County Circuit Court's order suppressing the cocaine based on an unconstitutional stop. Reading Plaintiff's complaint [Doc. #1] along with his Response to Motion for More Definite Statement [Doc. #11], he asserts the following claims:

1. Fourth Amendment claim against Defendants Neidermeier and Kulhanek, based on an unlawful stop and search of Plaintiff's person, unsupported by probable cause or reasonable suspicion.

2. Fourth Amendment claim against Defendants Neidermeier and Kulhanek, based on an unlawful arrest and search, unsupported by probable cause.

3. False imprisonment claim against Defendants Neidermeier, Kulhanek, Gilchrist, and Warren Police Commissioner, based on the filing of a false police report and the Plaintiff's unlawful arrest and detention.

4.  Malicious prosecution claim against Defendants Neidermeier, Kulhanek, Gilchrist, and Warren Police Commissioner, based on the filing of a false police report and the Plaintiff's unlawful arrest and detention.

5.  Unlawful forfeiture and destruction of property claim against Defendants Neidermeier, Kulhanek, Gilchrist, and Warren Police Commissioner.

Defendant Kulhanek submitted an affidavit as Exhibit 1 of his response to Plaintiff's motion [Doc. #38]. He states that on April 30, 2008, while on patrol in the City of Warren, he observed the Plaintiff, who was on a bicycle, run through a stop sign. *Kulhanek Affidavit*, ¶ 3. He states that in addition to the traffic violation, he was concerned about "large bulges in several of the pockets of the black leather jacket he was wearing." *Id*. ¶ 6. When questioned about the items in his pocket, Plaintiff said that he had a bottle of Motrin, and handed the Officer an unlabelled bottle containing pills. Stating that in his experience, "illegal drugs are often transported in the City of Warren by bicyclists in large un-labeled pill bottles," Kulhanek believed he had "probable cause for a search of his person for weapons and/or other drugs." *Id*. ¶¶ 8-11. The search of Plaintiff's person turned up a quantity of crack cocaine. Officer Neidermeier told him that according to a LIEN check, there was a warrant for Plaintiff's arrest as a parole absconder. At that point, Kulhanek arrested the Plaintiff. *Id.* ¶¶ 12-13.

Officers Kulhanek also testified at a motion to suppress in the criminal case against the Plaintiff. Defendants have submitted the transcript of that hearing as Exhibit 4 of their Response. At the hearing, Kulhanek testified that his attention was first drawn to Plaintiff when he ran a stop sign on his bicycle. *Ev. Hearing Testimony*, 6-7. He said that after he stopped the Plaintiff, he conducted a Terry[1] search for weapons, at which time he located the unmarked pill bottle. *Id.*, 8-9. Kulhanek testified that as he continued his search of Plaintiff's person, his partner, Officer Neidermeier, informed his that Plaintiff had an outstanding warrant. He then continued the search, recovering three baggies of suspected crack cocaine from Plaintiff's pocket. *Id*. 9-10. On cross-examination, Kulhanek conceded that an incident report indicated that Plaintiff was stopped for "impeding traffic," not for running a stop sign. *Id*. 12.

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1962).

At his own deposition, the Plaintiff testified that on the day in question, he in fact failed to stop at a stop sign while on his bicycle. *Meyers Deposition, Defendants' Exhibit 5*, 56-57. His criminal attorney, Beverly Stafford, has submitted an affidavit (*Plaintiff's Exhibit 3*) stating, at ¶ 4E, that based on her review of a videotape of the incident, "[t]he police searchd [Mr. Meyers] and found the cocaine before they were informed that there was a warrant for [Mr. Meyers'] as a parole violator."

Macomb County Circuit Judge James Biernat granted the Plaintiff's motion to suppress based on an unlawful stop. The charges were dismissed on July 31, 2008. *Plaintiff's Exhibit 4*.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then

"rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

For the Plaintiff to prevail on Claims I and II (based on unlawful search and seizure under the Fourth Amendment), Count III (false imprisonment) and Count IV (malicious prosecution), he is required to show that there was no probable cause for the search and the arrest, and that there was no reasonable suspicion for the initial stop and pat-down search. *See Pyles v. Raisor,* 60 F.3d 1211, 1215 (6th Cir.1995)(§ 1983 claim based on unlawful arrest depends on whether the police had probable cause); *Terry v. Ohio, supra* (police must have at least reasonable suspicion to stop and to conduct pat-down search for weapons)[2]; *Tope v.Howe*, 179 Mich.App. 91, 105, 445 N.W.2d 452 (1989) (probable cause is element of a false arrest claim); *Matthews v. Blue Cross Blue Shield of Michigan*, 456 Mich. 365, 378, 572 N.W.2d 603 (1998) (probable cause is element of malicious prosecution claim).

In seeking summary judgment on these claims, the Plaintiff relies on the State Court judge's finding that the initial stop was unlawful, arguing that such finding has a preclusive effect under the doctrine of collateral estoppel. However, the Sixth Circuit has clearly held that because police officers

---

[2] Officer Kulhanek states that his observations allowed him to conduct a *Terry* search for contraband as well as weapons. This is a misstatement of the law; *Terry* limits the scope of a pat-down search to reasonable suspicion that an individual may be armed. *Sibron v. New York,* 392 U.S. 40, 64 (1968) (holding search for drugs, not weapons, required probable cause, not merely a reasonable suspicion); *Bennett v. City of Eastpointe,* 410 F.3d 810, 822 (6th Cir.2005) ("A concern for officer safety permits a variety of police responses in differing circumstances, including ordering a driver and passenger out of a car during a traffic stop, ... and conducting pat-down searches upon reasonable suspicion that they may be *armed* and *dangerous*."). Nevertheless, a question of fact remains as to whether the search and seizure of the drugs occurred before or after the police had probable cause to arrest, including probable cause to arrest on the outstanding parole warrant.

-4-

who are sued in § 1983 cases were not parties or in privity to parties in state criminal prosecutions, collateral estoppel may not be used offensively. In *Glass v. Abbo*, 284 F.Supp.2d 700, 705 -706 (E.D.Mich. 2003), the Court explained as follows:

> "In three similar cases involving Michigan law, the United States Court of Appeals for the Sixth Circuit has rejected plaintiffs' attempts to use collateral estoppel offensively against police officers in § 1983 actions; in each case, the Sixth Circuit held that the officers were not parties to or in privity with parties to the earlier action. *See Von Herbert v. City of St. Clair Shores,* 61 Fed.Appx. 133, 136 n. 1, 2003 WL 1194304 (6th Cir.2003); *Burda Bros.,* 22 Fed.Appx. at 430; *Kegler v. City of Livonia,* 173 F.3d 429, 1999 WL 133110, at *2 n. 2 (6th Cir.1999). The Sixth Circuit reasoned as follows: 'because the Officers were not party to or in privity with a party to the earlier action, collateral estoppel does not apply.' *Von Herbert,* 61 Fed.Appx. at 136 n. 1 (citing *Burda Bros.,* 22 Fed.Appx. at 430).
>
> Here, Defendants clearly were not parties to the prior criminal case. Furthermore, since Defendants in this case, like the defendants in these three other Sixth Circuit cases, 'did not have a personal stake in the outcome of the earlier proceeding,' they are not privies; and thus, '[P]laintiffs may not use collateral estoppel offensively to preclude the relitigation' of the existence of probable cause for the arrests. *Burda Bros.,* 22 Fed.Appx. at 430 (citing *Kinslow v. Ratzlaff,* 158 F.3d 1104, 1106 (10th Cir.1998); *Tierney v. Davidson,* 133 F.3d 189, 195 (2d Cir.1998); *Kraushaar v. Flanigan,* 45 F.3d 1040, 1050 (7th Cir.1995)); *see also Von Herbert,* 61 Fed.Appx. at 136 n. 1; *Kegler,* 173 F.3d 429, 1999 WL 133110, at *2 n. 2.

*Glass* went on to hold, "Consequently, as collateral estoppel does not apply here, the Court must review anew the question of whether a constitutional violation occurred on the facts alleged. That is, the Court must address whether the evidence, when viewed most favorably to Plaintiffs, states a claim that Defendants arrested Plaintiffs without probable cause." *Id*. 706.

So, Judge Biernat's decision on the motion to suppress is not dispositive, and even looking at the evidence in the light most favorable to the Plaintiff, there remain questions of fact. If one accepts Officer Kulhanek's version of events, the Plaintiff was legitimately stopped because he ran a stop light, which is a traffic violation. *See Whren v. United States*, 517 U.S. 806 (1996) (subjective motivation of police officer in stopping an automobile is irrelevant as long as the police have probable cause to believe a traffic violation occurred); *Bennett v. City of Eastpointe*, 410 F.3d 810 (6th Cir. 2005) (applying *Whren* to a traffic offense committed on a bicycle). In his deposition, the Plaintiff admitted that he ran the stop sign. Also, there remains the factual question of when and under what circumstances the crack cocaine was found–before or after Officer Kulhanek had probable cause to

arrest for either drugs or on the basis of the outstanding warrant. If it was before, then the search exceeded the scope of *Terry*; if it was after, then it might qualify as a search incident to arrest.

Because Plaintiff's first four claims all rest on whether the officers had probable cause, and because, in the context of this motion, the probable cause determination requires the resolution of disputed facts, summary judgment is inappropriate on those claims.[3]

In addition, Plaintiff has not shown the absence of factual questions regarding supervisory or *respondeat superior* liability of Defendants Gilchrist and the Warren Police Commissioner. In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)(at a minimum, a § 1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate). Supervisory liability under § 1983 is precluded even if the supervising entity is aware of improper activity of its subordinates and fails to act; it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 96 (1976); *Bellamy, supra*. The answers to these questions require factual resolutions.

As to the Plaintiff's final claim, regarding the loss or destruction of his property, the Defendants proffer that Plaintiff's property "was declared forfeited and properly disposed of as of May 21, 2008," pursuant to the Michigan forfeiture statute, M.C.L. § 333.7523(1)(d). If true, this would negate Plaintiff's claim, and summary judgment should therefore be denied.

---

[3] I am recommending the denial of Plaintiff's summary judgment motion because he has not met his burden of showing the *absence* of genuine issues of material fact. At this time, I make no decision or offer any opinion as to the merits of *Defendants*' pending motion for summary judgment [Doc. #55].

## IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's motion for summary judgment [Doc. #35] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 18, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 18, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 18, 2011: **Arthur L. Meyers.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217