UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MEYERS,

       Plaintiff,

v.                                                                          Case No. 10-11419

CITY OF WARREN OFFICER NEIDERMEIER,                    HON. AVERN COHN
CITY OF WARREN OFFICER KULHANEK,
CITY OF WARREN OFFICER GILCHRIST and
CITY OF WARREN POLICE COMMISSIONER,

       Defendants.

_____/

## ORDER
## ADOPTING REPORT AND RECOMMENDATION (Doc. 67)
## AND
## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT (Doc. 35)
## AND
## OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 79) TO ORDER STRIKING
## AFFIDAVIT OF DEFENDANT KULHANEK (Doc. 70)

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. The matter has been referred to a magistrate judge for all pretrial proceedings. Plaintiff filed a motion for summary judgment. (Doc. 35). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be denied. Plaintiff also filed a motion to strike the affidavit of defendant Kulhanek (Doc. 49). The magistrate judge issued an order denying the motion to strike. (Doc. 70).

Before the Court are plaintiff's objections to the MJRR and to the strike order.

II. Standard of Review

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.  Plaintiff's Motion for Summary Judgment

The magistrate judge recommended denying plaintiff's motion for summary judgment.  The magistrate judge first explained, correctly, that the fact a state court judge determined that the initial stop of plaintiff was unlawful does not have a preclusive effect on a § 1983 action.  The magistrate judge also analyzed the record and found questions of fact existed as to whether (1) the stop was lawful and (2) the circumstances the crack cocaine as found.  Nothing in plaintiff's objections, which

2

essentially repeat the arguments considered and rejected by the magistrate judge,
convince the Court that the magistrate judge is incorrect.  Accordingly, the findings and
conclusions of the magistrate judge are ADOPTED as the findings and conclusions of
the Court.  Plaintiff's motion for summary judgment is DENIED.

IV.  Order to Strike

Plaintiff moved to strike the affidavit of Kulhanek on the grounds that it contains
statements directly contrary to Kulhanek's prior sworn testimony in a criminal
proceeding.  The magistrate judge denied plaintiff's motion to strike, stating that it would
consider plaintiff's challenges to the affidavit as part of his response to defendants'
motion for summary judgment.  Plaintiff's objections fail to convince the Court that the
magistrate judge erred in denying the motion to strike.  Plaintiff's arguments as to the
admissibility of the affidavit are best addressed in the summary judgment context.  The
magistrate judge will, as appropriate, consider plaintiff's arguments regarding the
affidavit in reporting on defendants' motion for summary judgment.  Accordingly,
plaintiff's objections are OVERRULED.

SO ORDERED.

Dated:  September 27, 2011             S/Avern Cohn                                  
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Arthur Meyers
182660, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048 and
the attorneys of record on this date, September 27, 2011, by electronic and/or ordinary
mail.

                                       S/Julie Owens                      
                                       Case Manager, (313) 234-5160

3