UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR L. MEYERS,

            Plaintiff,                         Case No. 10-11419

v.                                       District Judge Avern Cohn
                                       Magistrate Judge R. Steven Whalen

M. NEIDERMEIER, ET AL.,

            Defendants.

_____ /

## REPORT AND RECOMMENDATION

On April 9, 2010, Plaintiff Arthur L. Meyers filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging constitutional violations by three City of Warren Police Officers as well as the City of Warren Police Commissioner. On March 11, 2011, the case was reassigned from the docket of Magistrate Judge Virginia Morgan to me. Before the Court now is Defendants' Motion for Summary Judgment [Doc. #55], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendants' motion be GRANTED.

## I.   FACTS

This case arises out of an April 30, 2008 street encounter between the Plaintiff and Warren Police Officers Timothy Kulhanek and Marlene Neidermeier, which resulted in Plaintiff's arrest and prosecution for possession of cocaine. That charge was eventually dismissed following the Macomb County Circuit Court's order suppressing the cocaine based on an unconstitutional stop. In this case, the Plaintiff raises the following claims:[1]

---

[1] These claims are derived from Plaintiff's complaint [Doc. #1] along with his Response to Motion for More Definite Statement [Doc. #11]

1.  Fourth Amendment claim against Defendants Neidermeier and Kulhanek, based on an unlawful stop and search of Plaintiff's person, unsupported by probable cause or reasonable suspicion.

2.  Fourth Amendment claim against Defendants Neidermeier and Kulhanek, based on an unlawful arrest and search, unsupported by probable cause.

3.  False imprisonment claim against Defendants Neidermeier, Kulhanek, Gilchrist, and Warren Police Commissioner, based on the filing of a false police report and the Plaintiff's unlawful arrest and detention.

4.  Malicious prosecution claim against Defendants Neidermeier, Kulhanek, Gilchrist, and Warren Police Commissioner, based on the filing of a false police report and the Plaintiff's unlawful arrest and detention.

5. Unlawful forfeiture and destruction of property claim against Defendants Neidermeier, Kulhanek, Gilchrist, and Warren Police Commissioner.

Defendant Kulhanek has submitted an affidavit as Exhibit 1. He states that on April 30, 2008, while on patrol in the City of Warren, he observed the Plaintiff, who was on a bicycle, run through a stop sign. *Kulhanek Affidavit*, ¶¶ 2-3. He states that in addition to the traffic violation, he was concerned about "large bulges in several of the pockets of the black leather jacket he was wearing." *Id*. ¶ 6. When questioned about the items in his pocket, Plaintiff said that he had a bottle of Motrin, and handed the Officer an unlabelled bottle containing pills. Stating that in his experience, "illegal drugs are often transported in the City of Warren by bicyclists in large un-labeled pill bottles," Kulhanek believed he had "probable cause for a search of his person for weapons and/or other drugs." *Id*. ¶¶ 8-11. The search of Plaintiff's person turned up a quantity of crack cocaine. Officer Neidermeier told him that according to a LEIN check, there was a warrant for Plaintiff's

arrest as a parole absconder. At that point, Kulhanek arrested the Plaintiff. *Id.* ¶¶ 12-13.

Defendants have submitted a DVD recording of the traffic stop of Plaintiff. *Defendants' Exhibit 2*. The recording contains a digital readout of the time, by the second, that the events occur. It shows the Plaintiff on a bicycle, ahead of the patrol car, running through a stop sign, at 17:41:45-51. The patrol car passes the bicycle, and pulls to the right, effecting a stop at 17:42:23-33. At that point, the Plaintiff and the officers are behind the camera, so that there is an audio recording, but no video recording of what is transpiring. At 17:42:33, Officer Kulhanek asks the Plaintiff where he is coming from, and the Plaintiff replies that he was at a store buying batteries for his flashlight. There is a short gap with no conversation, and at 17:42:53, there is the sound of what could be a pill bottle being shaken, followed by Kulhanek asking, "Anything else on you" at 17:43:59. At 17:43:00 to 17:00:11, Kulhanek asks the Plaintiff what is in his pocket, and the Plaintiff replies, "Motrin." At 17:43:13, a sound like a pill bottle being shaken is again heard, and Kulhanek orders the Plaintiff off of his bicycle. Kulhanek then tells the Plaintiff to put his palms together like he's praying. At 17:44:16, there is a sound like a pat-down search, and Kulhanek asks if the Plaintiff has any crack on him. At 17:44:35-55, there are more pat-down sounds, and Kulhanek asks, "You do a lot of crack, huh?"

Officers Kulhanek also testified at a motion to suppress in the criminal case against the Plaintiff. Defendants have submitted the transcript of that hearing as Exhibit 4 of their Response. At the hearing, Kulhanek testified that his attention was first drawn to Plaintiff when he ran a stop sign on his bicycle. *Ev. Hearing Testimony*, 6-7. He said that after he stopped the Plaintiff, he conducted a Terry[2] search for weapons, at which time he located the unmarked pill bottle. *Id.*, 8-9. Kulhanek testified that as he continued his

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1962).

search of Plaintiff's person, his partner, Officer Neidermeier, informed his that Plaintiff had an outstanding warrant. He then continued the search, recovering three baggies of suspected crack cocaine from Plaintiff's pocket. *Id*. 9-10. On cross-examination, Kulhanek conceded that an incident report indicated that Plaintiff was stopped for "impeding traffic," not for running a stop sign. *Id*. 12.

Macomb County Circuit Judge James Biernat granted the Plaintiff's motion to suppress based on an unlawful stop. The charges were dismissed on July 31, 2008.

At his own deposition, the Plaintiff testified that on the day in question, he in fact failed to stop at a stop sign while on his bicycle. *Meyers Deposition, Defendants' Exhibit 5*, 56-57. However, he testified that Kuhlanek took the pill bottle from his pocket during a pat-down search, not that he handed him the bottle. *Id*. 42-44. The Plaintiff conceded that he was a parole violator at the time of his arrest, having failed to report to his parole officer. *Id*. 61.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added).  If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

First, it is clear that it was only Defendant Kulhanek who searched and arrested the Plaintiff. Thus, claims arising from the search and arrest must be dismissed as to Defendants Neidermeier, Gilchrist, and the Warren Police Commissioner, as they had no personal involvement in the alleged constitutional violations. The Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 372, 96 S.Ct. 598, 46 L.Ed.2d

-5-

561 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984).[3]

      As to Defendant Kulhanek, there are three discrete points that implicate the Fourth Amendment. The first is the initial stop of the Plaintiff after he ran a stop sign. It is, of course, undisputed that he in fact rode his bicycle right through a stop sign without stopping. He admitted so at his deposition, and his traffic violation is captured on video. That objective fact being established, the stop was justified under the Fourth Amendment, even if Kulhanek's subjective motivation was to investigate for a drug offense. "A traffic violation provides probable cause to justify a stop 'even if the officer's real purpose was a hope that narcotics or other contraband would be found as a result of the stop.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 604 (6th Cir. 2011)(quoting *United States v. Mesa,* 62 F.3d 159, 162 (6th Cir.1995)). *See also Wren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *Bennett v. City of Eastpointe*, 410 F.3d 810 (6th Cir. 2005) (applying *Wren* to a traffic offense committed on a bicycle).[4]

      The second Fourth Amendment event was the search and seizure of the unmarked pill bottle. There is conflicting testimony as to whether the Plaintiff handed Kulhanek the bottle, or whether Kulhanek took it from the Plaintiff during a pat-down search. Because

---

[3] In my previous Report and Recommendation [Doc. #67] in which I recommended denying Plaintiff's motion for summary judgment, I stated at p.6 that "[t]he answers to these questions [regarding personal involvement] require factual resolutions." In the present motion, however, Plaintiff has not proffered any evidence showing that Neidermeier, Gilchrist or the Police Commissioner either had personal involvement or approved or acquiesced in any unconstitutional conduct is such a way as to have supervisory liability.

[4] I recognized that the State trial judge in the criminal case suppressed the evidence based on his finding that the initial stop was unlawful. However, as I explained in my previous Report and Recommendation, "because police officers who are sued in § 1983 cases were not parties or in privity to parties in state criminal prosecutions, collateral estoppel may not be used offensively." Doc. #67, p.5. *See Glass v. Abbo*, 284 F.Supp.2d 700, 705 -706 (E.D.Mich. 2003).

we must take the Plaintiff's version as true for purposes of a summary judgment motion, I will assume the bottle was taken during the pat-down search. In *Terry v. Ohio,* 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Court held that a police officer may conduct a stop-and-frisk of an individual "for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest" so long as the officer is "able to point to specific and articulable facts' which give rise to a reasonable suspicion of criminal activity."  *Terry* permits only a search for weapons, not for evidence. *Ybarra v. Illinois,* 444 U.S. 85, 93-94, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979)(("Nothing in *Terry* can be understood to allow ... any search whatever for anything but weapons."). *See also United States v. Strahan,* 984 F.2d 155, 158 (6th Cir.1993) ( "*Terry* allows only an examination for concealed objects and forbids searching for anything other than weapons.").

The question, then, is whether Kulhanek had a reasonable suspicion, supported by specific and articulable facts, that the Plaintiff possessed a dangerous weapon. He states that he was concerned about "large bulges in several of the pockets of the black leather jacket he was wearing." This was sufficient for a *Terry* pat-down search. In *Pennsylvania v. Mimms*, 434 U.S. 106, 111-112, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), the Court stated:

> "There remains the second question of the propriety of the search once the bulge in the jacket was observed. We have as little doubt on this point as on the first; the answer is controlled by *Terry v. Ohio, supra.* In that case we thought the officer justified in conducting a limited search for weapons once he had reasonable concluded that the person whom he had legitimately stopped might be armed and presently dangerous. Under the standard enunciated in that case-whether 'the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate' -there is little question the officer was justified. The bulge in the jacket permitted the officer to conclude that Mimms was armed and thus posed a serious and present danger to the safety of the officer. In these circumstances, any man of 'reasonable caution' would likely have conducted the 'pat down.'" (footnote omitted).

-7-

*See also United States v. Stennis*, 2012 WL 232958, *5 (6th Cir. 2012) ("The officer's perception of a bulge suspected to be a weapon provides reasonable suspicion that the individual may be armed and dangerous")(citing *Mimms*). Hence, the pat-down search and the seizure of the pill bottle did not violate the Fourth Amendment.

The last inquiry is whether the discovery of the unmarked bottle containing numerous pills provided probable cause for the arrest. If so, then the search that uncovered the cocaine was justifiable as a search incident to arrest.[5] *See Gustafson v. Florida,* 414 U.S. 260, 266, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973) (holding that an officer who arrests a suspect and takes him into custody is "entitled to make a full search of [his] person incident to that lawful arrest"). This presents a closer question, but one that ultimately must be resolved in Officer Kulhanek's favor.

"Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. McClain,* 444 F.3d 556, 562 (6th Cir.2005). The standard is a "practical, nontechnical conception" that must be assessed in light of the totality of the circumstances. *See Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).  Probable cause to arrest exists if "at the moment the arrest was made ... the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the Plaintiff possessed illegal drugs. *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964).

---

[5] The evidence is unclear as to whether this last search occurred before or after Kulhanek or the other officers learned that the Plaintiff had an outstanding warrant. An arrest on the warrant would also have justified a search incident to arrest. However, taking the inference most favorable to the Plaintiff for purposes of this summary judgment motion, I will assume that the search preceded the information about the outstanding warrant.

In this case, Officer Kulhanek knew prior to the search in question that the Plaintiff was in possession of an unmarked amber bottle containing a large number of pills. The Plaintiff claimed that they were Tylenol pills. (He later claimed he "found" them, but according to the video, that was after the second search that turned up the cocaine). Kulhanek observed several large bulges in the Plaintiff's pockets. In his affidavit, Kulhanek states, at ¶ 10, "It has been my experience that illegal drugs are often transported in the City of Warren by bicyclists in large un-labeled pill bottles."

If we give credit to Officer Kulhanek's experience with bicyclists who carry drugs in unmarked bottles, the totality of the circumstances clearly supports a finding of probable cause. If, however, we discount that claim of experience–and it does seem to be unusually tailored to the facts of this case–then there would appear to be a question of triable fact as to whether he had probable cause.  However, even if Kulhanek was mistaken on the issue of probable cause, under these facts he would be protected by qualified immunity.[6]

Officer Kulhanek is shielded by qualified immunity if "a reasonable officer could have believed [Plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officer[] possessed." *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987). Even law enforcement officials who

---

[6] If this were a motion to suppress, and the court found that Kulhanek lacked probable cause to arrest, suppression could nevertheless be denied under the inevitable discovery doctrine. This doctrine is an exception to the exclusionary rule which "allows unlawfully obtained evidence to be admitted at trial if the government can [show] ... that the evidence inevitably would have been acquired through lawful means." *United States v. Kennedy,* 61 F.3d 494, 497 (6th Cir.1995) The drugs in this case would have been found during a subsequent search incident to Plaintiff's arrest on the parole violation warrant. However, while the inevitable discovery doctrine forecloses application of the exclusionary rule, it does not vitiate the illegality of the search, and cannot be used as a defense in a civil action. *See United States. v. Folks*, 236 F.3d 384, 388 (7th Cir. 2001) ("In [tort or civil rights] actions, of course, inevitable discovery is not a defense.").

"reasonably but mistakenly conclude that probable cause is present" are entitled to immunity. *Id.* In *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991), the Supreme Court explained,

> "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.' This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." (Internal citations omitted).

Even assuming that the facts within Officer Kulhanek's knowledge did not give him probable cause to arrest the Plaintiff, he is entitled to qualified immunity because "[his] decision was reasonable, even if mistaken." *Id.*, citing *Anderson v. Creighton*, 483, 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Thus, Defendant Kulhanek should be granted summary judgment on all claims arising out of the stop, search and arrest of the Plaintiff. This includes Counts I through IV of his complaint. As I stated in my previous Report and Recommendation [Doc. #67, p.4]:

> "For the Plaintiff to prevail on Claims I and II (based on unlawful search and seizure under the Fourth Amendment), Count III (false imprisonment) and Count IV (malicious prosecution), he is required to show that there was no probable cause for the search and the arrest, and that there was no reasonable suspicion for the initial stop and pat-down search. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.1995)(§ 1983 claim based on unlawful arrest depends on whether the police had probable cause); *Terry v. Ohio, supra* (police must have at least reasonable suspicion to stop and to conduct pat-down search for weapons); *Tope v.Howe*, 179 Mich.App. 91, 105, 445 N.W.2d 452 (1989) (probable cause is element of a false arrest claim); *Matthews v. Blue Cross Blue Shield of Michigan*, 456 Mich. 365, 378, 572 N.W.2d 603 (1998) (probable cause is element of malicious prosecution claim)."

To summarize, the initial stop of the Plaintiff for a traffic violation was permissible, as was the *Terry* search for weapons, which led to the discovery of the unmarked pill bottle. Officer Kulhanek had a reasonable basis, under clearly established

law, to conclude that he had probable cause to arrest the Plaintiff for possession of drugs, but even if he was wrong, he is shielded by qualified immunity because his decision was reasonable.

As to the Plaintiff's claim based on the forfeiture or disposal of his bicycle and jewelry (Count V), he was given a written Notice of Intent to Forfeit on May 1, 2008, *see* Defendants' Exhibit 7, and acknowledged receipt. He testified that he was told that he had to post a bond to avoid forfeiture. *Plaintiff's Deposition*, 95. He did not file a claim or post a bond within 90 days after receipt of the Notice of Intent, as required by Michigan law. Therefore, his property was forfeited and disposed of as of May 21, 2008, pursuant to M.C.L. § 333.7523(1)(d). In addition, Plaintiff has not shown that any of these Defendants had personal involvement in the forfeiture.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' motion for summary judgment [Doc. #55] be GRANTED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE
Date:  February 23, 2012



                       CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of
Electronic Filing on February 23, 2012.

Arthur Meyers                          s/Johnetta M. Curry-Williams
7592 Toepfer Rd                        Case Manager
Warren, MI 48091-3042



                                -12-