UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MEYERS,

    Plaintiff,

v.                                                  Case No. 10-11419

CITY OF WARREN OFFICER NEIDERMEIER,        HON. AVERN COHN
CITY OF WARREN OFFICER KULHANEK,
CITY OF WARREN OFFICER GILCHRIST and
CITY OF WARREN POLICE COMMISSIONER,

    Defendants.

_____/

**ORDER**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 97)**
**AND**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT (Doc. 55)**
**AND**
**DISMISSING CASE**

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff's claims arise out an incident with plaintiff and two Warren police officers which resulted in plaintiff being charged with possession of cocaine. The charges were later dismissed after a state court granted a motion to suppress the cocaine on the grounds that the stop was unlawful. The matter has been referred to a magistrate judge for all pretrial proceedings. Defendants filed a motion for summary judgment. (Doc. 55). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted.

II.

Neither party has filed objections to the MJRR and the time for filing objections has

passed.[1] The failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motion. Thomas v. Arn, 474 U.S. 140, 149 (1985).

However, the Court has reviewed the MJRR and agrees with the magistrate judge. As explained in the MJRR, plaintiff's claims against Neidermeier, Gilchrist and the Warren Police Commissioner must be dismissed because plaintiff has not shown they were personally involved in the incident. As to Kulhanek, the initial stop of plaintiff for a traffic violation was permissible, as was the Terry search for weapons, which led to the discovery of the unmarked pill bottle. As such, Kulhanek had a reasonable basis, under clearly established law, to conclude that he had probable cause to arrest plaintiff for possession of drugs. Moreover, even if Kulhanek was wrong, he is shielded by qualified immunity because his actions were reasonable.

III.

Accordingly, the findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

Dated: May 2, 2012              S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

---

[1] The MJRR was issued on February 23, 2012. On March 12, 2012, plaintiff filed a motion seeking additional time in which to file objections. (Doc. 98). The Court granted the motion and gave plaintiff until April 16, 2012 to file objections. (Doc. 99). April 16 has passed. To date, plaintiff has not filed objections.


10-11419 Meyers vs. Neidermeier, et al
Order Adopting Report And Recommendation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 2, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160