UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARTHUR MEYERS,

      Plaintiff,

v.                                                Case No. 10-11419

CITY OF WARREN OFFICER NEIDERMEIER,         HON. AVERN COHN
CITY OF WARREN OFFICER KULHANEK,
CITY OF WARREN OFFICER GILCHRIST and
CITY OF WARREN POLICE COMMISSIONER,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALLOW LATE FILING OF LEAVE TO APPEAL (Doc. 104)

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff is pro se. Plaintiff's

claims arose out an incident with two Warren police officers which resulted in plaintiff

being charged with possession of cocaine. The charges were later dismissed after a

state court granted a motion to suppress the cocaine on the grounds that the stop was

unlawful.

Before the Court is plaintiff's motion to allow late filing of leave to appeal. (Doc.

104). For the reasons that follow, the motion is DENIED.

II.

Plaintiff filed his complaint on April 9, 2010. (Doc. 1). The matter was later

referred to a magistrate judge for all pretrial proceedings. (Doc. 5). Defendants filed a

motion for summary judgment. (Doc. 55). On February 23, 2012, the magistrate judge

issued a report and recommendation (MJRR), recommending that the motion be granted.  (Doc. 97).  Objections were due within fourteen days (14) of service.  Plaintiff did not file objections.  Instead, on March 12, 2012, plaintiff filed a motion for an extension of time in which to file objections.  (Doc. 98).  The Court granted the motion, allowing plaintiff until April 16, 2012 to file objections.  (Doc. 99).  Plaintiff did not file objections by that date.  According, on May 2, 2012, well past the April 16 deadline, the Court adopted the MJRR, granted defendants' motion, and dismissed the case.  (Doc. 100).  The next day, May 3, 2012, plaintiff filed objections to the MJRR.  (Doc. 102).  Given plaintiff's pro se status, the Court considered plaintiff's objections and denied them on the merits.  (Doc. 103).  The Court's order denying the objections was filed on May 7, 2012.  On July 25, 2012, plaintiff filed the instant motion, which is signed and dated July 21, 2012.

## II.

## A.

Fed. R. App. P. 4(a)(1) states that a notice of appeal must be filed in a civil case within thirty (30) days of the entry of the judgment or order from which the appeal is taken.  This time limit is mandatory and jurisdictional.  Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978).  The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction.  Rhoden v. Campbell, 153 F.3d 773, 774 (6th Cir. 1998).

## B.

However, the rule also provides grounds for extending the time in which to file a notice of appeal.  Under Fed. R. App. P. 4(a)(5)(A), a district court may extend the time

to file a notice of appeal if:

> (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) that party shows excusable neglect or good cause.

Here, the Court's last order was filed on May 7, 2012.  Therefore, plaintiff had 30 days, or until June 7, 2012, in which to file a notice of appeal.  Under Rule 4(a)(5)(A), plaintiff had another 30 days, or until July 9, 2012 (as July 7 fell on a weekend) to file for an extension of time to file an appeal.  Petitioner's motion was signed and dated July 21, 2012, beyond the 30 days after the expiration of the appeal time.  Thus, Petitioner is unable to obtain an extension of the time to file an appeal under Rule 4(a)(5).

Under Fed. R. App. P. 4(a)(6), a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. See Bowles v. Russell, 432 F.3d 668, 672 (6th Cir. 2005).  A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints.  See Martin v. Straub, 27 Fed. Appx. 337, 338

(6th Cir. 2001).

Plaintiff has not satisfied Rule 4(a)(6)'s requirements, particularly Rule 4(a)(6)(A). Plaintiff states that he received the Court's May 7, 2012 order "on or about May 8 or 9, 2012." Plaintiff also states that he was arrested and in custody from May 17, 2012 and unable to access legal materials until July 20, 2012. Thus, by his own statements, plaintiff received timely notice of the order. The fact that plaintiff says he was unable to file a notice of appeal from May 17, 2012 until July 20, 2012 does not change that fact that he had timely notice. Moreover, plaintiff does not explain why he was unable to file a notice of appeal before May 17, after timely receiving the Court's order. Thus, plaintiff is unable to obtain an extension of time under Rule 4(a)(6).

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  July 31, 2012


I hereby certify that a copy of the foregoing document was mailed to Arthur Meyers 182660, Charles Egeler Reception and Guidance Center Annex, 3855 Cooper Street Jackson, MI 49201 and the attorneys of record on this date, July 31, 2012, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160